UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH T. TOY,<br><br>                          Plaintiff,<br>v.<br><br>STATE OF NEVADA, et al.,<br><br>                          Defendants. | Case No. 2:14-cv-01719-APG-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. #1) |

Plaintiff Joseph T. Toy is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 679-80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff alleges that the State of Nevada and Clark County detained his mother, Mrs. Doris Cecelia Toy, unlawfully and without justification, and caused her physical and emotional harm amounting to elder abuse. In doing so, the Defendants recklessly endangered Mrs. Toy's life, and deprived her of freedom and rights under the law without due process of law and in violation of the equal protection clause of the United States Constitution. Specifically, Plaintiff alleges Defendants imprisoned Mrs. Toy to "prematurely end her life as some form of punishment for being old" and "murdered her through the manipulation and exploitation of their authority." He asserts his mother objected to the guardianship's office serving as her legal guardian and that Defendants would not let him serve as a guardian over his mother's affairs, and he was not permitted to visit his mother during the last seven months of her life.

The court appreciates that Plaintiff is hurt and disturbed about his mother's treatment by state authorities who appointed a guardian to see to his mother affairs. The court understands

that he is upset and hurt about how his mother was treated. However, plaintiff has not stated a claim upon which relief can be granted because he does not have standing to assert violations of the constitutional rights of his mother. *See Barrows v. Jackson,* 346 U.S. 249, 255 (1953) (stating "one may not claim standing in this Court to vindicate the constitutional rights of some third party"). All of the complaint allegations are directed to violations of his mother's constitutional right, not his own. Leave to amend will not be granted because Plaintiff's claims cannot be cured by the allegation of additional facts. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 23rd day of January, 2015.

                               PEGGY A. LEEN
                               UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

1 after being served with these findings and recommendations, any party may file written
2 objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing
3 to object to the findings and recommendations of a magistrate judge shall file and serve *specific*
4 *written objections* together with points and authorities in support of those objections, within
5 fourteen days of the date of service of the findings and recommendations. The document should
6 be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties
7 are advised that failure to file objections within the specified time may waive the right to appeal
8 the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and
9 authorities filed in support of the specific written objections are subject to the page limitations
10 found in LR 7-4.